UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
_____

LESTER BELL,

                Plaintiff,                        Case No. 1:19-cv-233

v.                                          Honorable Paul L. Maloney

STATE OF MICHIGAN et al.,

                Defendants.
_____/

## **OPINION**

        This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983.
Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the
Court is required to dismiss any prisoner action brought under federal law if the complaint is
frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary
relief from a defendant immune from such relief. 28 U.S.C. § 1915A; 42 U.S.C. § 1997e(c). The
Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520
(1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly
incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court
will dismiss Plaintiff's complaint against Defendants State of Michigan, Unknown Skipper,
Unknown Henry, Unknown Party (Captain John Doe), Unknown Miller, Unknown Simmons,
Unknown Sturn, Unknown Wise, Unknown Sissel, Unknown Joyit, Unknown Breelove, Unknown
Foltz, Unknown Gaudio, Unknown Kelly, Unknown Chaney, Unknown Smith, Unknown Frias,
and Unknown Pittman. The Court will also dismiss Plaintiff's First Amendment retaliation claims
against Defendants Unknown Bonn, Unknown Cunningham, and Unknown Jackson. Plaintiff's

Eighth Amendment and First Amendment retaliation claims against Defendants Unknown Brown and Unknown Wilson, Plaintiff's Eighth Amendment claims against Unknown Bonn, Unknown Cunningham, and Unknown Jackson, and Plaintiff's state-law claims against those five Defendants remain.

## Discussion

### I. Factual Allegations

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Earnest C. Brooks Correctional Facility, (LRF) in Muskegon Heights, Muskegon County, Michigan. The events about which he complains, however, occurred at the Ionia Correctional Facility (ICF) in Ionia County, Michigan and the Carson City Correctional Facility (DRF) in Montcalm County, Michigan.

Plaintiff sues the State of Michigan through the MDOC and several MDOC employees at ICF: Warden Unknown Skipper; Unknown Party (Captain John Doe); Lieutenant Henry; Inspectors Unknown Miller, Unknown Simmons, and Unknown Bonn; Sergeants Unknown Sturn, Unknown Wise, Unknown Sissel, Unknown Cunningham, Unknown Joyit, Unknown Breelove, and Unknown Jackson; Corrections Officers Unknown Brown, Unknown Foltz, Unknown Gaudio, Unknown Kelly, D. Wilson, and Unknown Chaney; and Assistant Resident Unit Supervisors Unknown Smith, Unknown Frias, and Unknown Pittman.

Plaintiff alleges that, while he was housed at ICF during 2015 and then again during April, May, and June of 2018, several of the Defendants threatened to harm him or to have other prisoners harm him and then actually carried out those threats. Plaintiff alleges the rest of the Defendants were aware of the threats to Plaintiff's safety, and were deliberately indifferent to the

2

risk of harm. Plaintiff claims that the threats and the deliberate indifference were retaliatory for

conduct protected by the First Amendment: filing grievances.

During June of 2018, Plaintiff was attacked by an unknown assailant. Plaintiff

contends the attack was arranged by Brown, Wilson, or both. Plaintiff was transferred to the Duane

Waters Health Center in Jackson, Michigan. He reported the threats to staff at that facility. When

he was transferred, the MDOC moved Plaintiff to DRF. Plaintiff claims prisoners at DRF

threatened because Defendants Brown and Wilson "had a 'green light' on Plaintiff's head."

(Compl., ECF No. 1, PageID.29.)

Plaintiff seeks a declaration that Defendants have violated his rights, an injunction

prohibiting Plaintiff's placement at ICF or any facility where the Defendants are present; an

injunction compelling proper treatment for Plaintiff's injuries, and millions of dollars in

compensatory and punitive damages.

Significantly, this is not the first time Plaintiff has raised these claims. In *Bell v.*

*Miller et al.*, 1:18-cv-522 (W.D. Mich.) (*Bell I*), Plaintiff initially sued Defendants Miller,

Simmons, Skipper, Brown, and Wilson based on the same facts that are the basis for this action.

In *Bell I*, however, Plaintiff's statement of facts included little detail. Upon initial screening, the

Court dismissed Plaintiff's claims against Defendants Miller, Simmons, and Skipper, and ordered

service of the complaint upon Defendants Brown and Wilson.

Thereafter, Plaintiff was granted leave to supplement the complaint to add

additional Defendants: Defendants Wise (recorded as Loise in the docket), Sturn, Henry, Foltz,

Smith, Sissel, Joyit, Gaudio (recorded as Saudio in the docket), Kelly, Breelove, Chaney, Pittman,

Frias (recorded as Friasy in the docket), Miller, Simmons, Skipper, the John Doe Captain, and

Ionia State Troopers. *Bell I* (Op. and Order, ECF Nos. 13, 14.) Although the Court permitted

Plaintiff to add the Defendants and supplement his claims, the parties and claims were dismissed for failure to state a claim. *Bell I* (*Id.*) Plaintiff sought to amend his complaint again, *Bell I* (ECF Nos. 17, 19, 20, 21), but the Court denied his motions, *Bell I* (ECF No. 24).

Defendants Brown and Wilson appeared in the action and moved for summary judgment based on Plaintiff's failure to exhaust his administrative remedies. *Bell I* (ECF Nos. 21, 22.) The Court granted summary judgment on that ground. *Bell I* (Order and J., ECF Nos. 32, 33.)

Plaintiff sought reconsideration and he filed a notice of appeal. Plaintiff, now claiming that he has exhausted his administrative remedies against Brown and Wilson in the interim, filed this action. The Court denied reconsideration, *Bell I* (Order, ECF No. 41), and, apparently, Plaintiff's *Bell I* appeal is ongoing.

## II.     Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at

678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). Plaintiff's allegations implicate his Eighth Amendment right to be free from cruel and unusual punishment and his First Amendment right to be free from retaliation for conduct protected by that amendment.

### A. Sovereign immunity

Plaintiff names as a defendant "the State of Michigan acting through the Michigan Department of Corrections." (Compl., ECF No. 1, PageID.3.) Plaintiff may not maintain a §1983 action against the State of Michigan or the Michigan Department of Corrections. Regardless of the form of relief requested, the states and their departments are immune under the Eleventh Amendment from suit in the federal courts, unless the state has waived immunity or Congress has expressly abrogated Eleventh Amendment immunity by statute. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara*

*v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1993). Congress has not expressly abrogated Eleventh

Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the State of

Michigan has not consented to civil rights suits in federal court. *Abick v. Michigan*, 803 F.2d 874,

877 (6th Cir. 1986). In numerous opinions, the Sixth Circuit has specifically held that the MDOC

is absolutely immune from suit under the Eleventh Amendment. *See*, *e.g.*, *Harrison v. Michigan*,

722 F.3d 768, 771 (6th Cir. 2013); *Diaz v. Mich. Dep't of Corr.*, 703 F.3d 956, 962 (6th Cir. 2013);

*McCoy v. Michigan*, 369 F. App'x 646, 653-54 (6th Cir. 2010). In addition, the State of Michigan

(acting through the Michigan Department of Corrections) is not a "person" who may be sued under

§1983 for money damages. *See Lapides v. Bd. of Regents*, 535 U.S. 613, 617 (2002) (citing *Will

v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989)); *Harrison*, 722 F.3d at 771. Therefore, the

Court dismisses Plaintiff's claims against Defendant State of Michigan acting through the

Michigan Department of Corrections.

### B.     Res judicata

Plaintiff's claims against all of the Defendants in *Bell I* are based on the same facts

that Plaintiff raises in this complaint. Moreover, Plaintiff's claims against all of the Defendants in

*Bell I*, except Brown and Wilson, were dismissed for failure to state a claim under 28 U.S.C.

§ 1915(e), 28 U.S.C. § 1915A, and 42 U.S.C. § 1997e.

The doctrine of res judicata, also called claim preclusion, means a final judgment

on the merits of an action precludes the parties or their privies from relitigating claims that were

or could have been raised in that action. *Federated Dep't Stores, Inc. v. Moitie,* 452 U.S. 394, 398

(1981). Res judicata is an affirmative defense, Fed. R. Civ. P. 8(c), and "'[c]ourts generally lack

the ability to raise an affirmative defense sua sponte." *Neff v. Flagstar Bank, FSB*, 520 F. App'x

323, 327 (6th Cir. 2013) (quoting *Hutcherson v. Lauderdale Cty.*, 326 F.3d 747, 757 (6th Cir.

2003)).  The Court "may take the initiative to assert the res judicata defense sua sponte in 'special

circumstances.'"  *Id*. (quoting *Arizona v. California*, 530 U.S. 392, 412 (2000)).  One such special

circumstance occurs when "a court is on notice that it has previously decided the issue presented."

*Arizona*, 530 U.S. at 412.  That special circumstance is present in this case.

   *Bell I* resulted in a final judgment on the merits with respect to all of the defendants

named except for Defendants Brown and Wilson. "The dismissal for failure to state a claim under

Federal Rule of Civil Procedure 12(b)(6) is a 'judgment on the merits.'"  *Federated Department

Stores, Inc*., 452 U.S. at 399 n.3.  "[A] federal judgment becomes final for . . . claim preclusion

purposes when the district court disassociates itself from the case, leaving nothing to be done at

the court of first instance save execution of the judgment."  *Clay v. United States*, 537 U.S. 522,

527 (2003).  Thus, the judgment in *Bell I* is final.

   Because the *Bell I* judgment is final, it operates as an absolute bar to any subsequent

action on the same cause between the same parties or their privies, with respect to every matter

that was actually litigated in the first case, as well as every ground of recovery that might have

been presented.  *Black v. Ryder/P.I.E. Nationwide, Inc.*, 15 F.3d 573, 582 (6th Cir. 1994). Claim

preclusion operates to relieve parties of the cost and vexation of multiple lawsuits, conserve

judicial resources, and by preventing inconsistent decisions, encourage reliance on adjudication.

*Allen v. McCurry*, 449 U.S. 90, 94 (1980).

   In order to apply the doctrine of claim preclusion, the court must find that (1) the

previous lawsuit ended in a final judgment on the merits; (2) the previous lawsuit was between the

same parties or their privies; and (3) the previous lawsuit involved the same claim or cause of

action as the present case.  *Allen,* 449 U.S. at 94; *accord Federated Dep't Stores, Inc*., 452 U.S. at

398.  All of the elements that raise the bar are present here.  Accordingly, Plaintiff's action against

Defendants' Unknown Skipper, Unknown Henry, Unknown Party (Captain John Doe), Unknown Miller, Unknown Simmons, Unknown Sturn, Unknown Wise, Unknown Sissel, Unknown Joyit, Unknown Breelove, Unknown Foltz, Unknown Gaudio, Unknown Kelly, Unknown Chaney, Unknown Smith, Unknown Frias, and Unknown Pittmanis barred by res judicata.[1]  Thus, it is properly dismissed as legally frivolous.  *See, e.g., Taylor v. Reynolds*, 22 F. App'x 537, 538-39 (6th Cir. 2001) ("A complaint may be dismissed as frivolous if the claims lack an arguable or rational basis in law or fact. . . . [A] completely duplicative complaint lacks an arguable basis in law or in fact and  . . . [is] properly dismissed on the basis of res judicata."); *Murray v. Reed*, No. 02-2458, 2003 WL 21377472, at *1 (6th Cir. June 12, 2003) (affirming dismissal of claim barred by res judicata as frivolous); *Gwyddioniaid v. O'Neil*, No. 88-6436, 1989 WL 68601 (6th Cir. June 26, 1989) (same).

### C.      Defendants Brown and Wilson

Plaintiff's *Bell I* claims against Defendant Brown and Wilson were dismissed without prejudice for failure to exhaust administrative remedies.[2]  Before that dismissal, however, the Court concluded that Plaintiff's allegations—allegations that included far less detail than his allegations here—sufficed to state claims against Defendants Brown and Wilson.  The Court again concludes that Plaintiff's allegations suffice to state claims against Defendants Brown and Wilson for violations of the Eighth Amendment, First Amendment retaliation, and state-law torts.

---

[1] In *Davis v. Butler Cty., Ohio*, 658 F. App'x 208 (6th Cir. 2016) the Sixth Circuit determined that a dismissal for failure to state a claim under 28 U.S.C. § 1915(e) would not preclude raising those claims in a subsequent suit where the filing fee is paid in full.  Plaintiff proceeded *in forma pauperis* in *Bell I*, but he has paid the filing fee in this action. If the Court's dismissal in *Bell I* were grounded only in 28 U.S.C. § 1915(e), the *Bell I* dismissal might not carry res judicata effect in this action.  The dismissal in *Bell I*, however, was also grounded in 28 U.S.C. § 1915A and 42 U.S.C. § 1997e.  The res judicata effect of dismissals for failure to state a claim under those statutes is not limited by *Davis* or *Denton v. Hernandez*, 504 U.S. 25 (1992), the case upon which the *Davis* court relied.

[2] Plaintiff alleges he exhausted his administrative remedies before filing this action.

### D. Defendants Bonn, Cunningham, and Jackson

Plaintiff referenced Defendant Bonn in *Bell I*, but Plaintiff did not name Defendant Bonn as a party. Plaintiff did not reference Defendants Cunningham or Jackson in *Bell I*. The doctrine of res judicata applies only with respect to parties and their privies. *Becherer v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 43 F.3d 1054, 1069 (6th Cir. 1995). Bonn, Cunningham, and Bell do not fit within the narrow definition of privies. *Id.* Accordingly, the final judgment in *Bell I* does not preclude Plaintiff's claims against them.

In its prohibition of "cruel and unusual punishments," the Eighth Amendment places restraints on prison officials, directing that they may not use excessive physical force against prisoners and must also "take reasonable measures to guarantee the safety of the inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984)). To establish liability under the Eighth Amendment for a claim based on a failure to prevent harm to a prisoner, a plaintiff must show that the prison official acted with "deliberate indifference" to a substantial risk of serious harm facing the plaintiff. *Farmer,* 511 U.S. at 834; *Helling v. McKinney*, 509 U.S. 25, 32 (1993); *Bishop v. Hackel*, 636 F.3d 757, 766-67 (6th Cir. 2011); *Curry v. Scott*, 249 F.3d 493, 506 (6th Cir. 2001); *Woods v. Lecureux*, 110 F.3d 1215, 1222 (6th Cir. 1997); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996); *Taylor v. Mich. Dep't of Corr.* 69 F.3d 76, 79 (6th Cir. 1995). Deliberate indifference is a higher standard than negligence and requires that "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837; *see also Bishop*, 636 F.3d at 766.

9

Plaintiff alleges that he informed Defendants Bonn, Cunningham, and Jackson of the threats from Brown, Wilson, and others and that he sought protection. Plaintiff alleges that each Defendant was aware of a risk of harm to Plaintiff but deliberately disregarded that risk and refused to protect him. Plaintiff's allegations, accepted as true, suffice to state an Eighth Amendment "failure to protect" claim.

Plaintiff claims that the threats and eventual assaults were retaliatory for his filing of grievances or other complaints. Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). In order to set forth a First Amendment retaliation claim, a plaintiff must establish that: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Id.* Moreover, a plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).

Plaintiff's allegations suffice to state a retaliation claim with respect to Defendants Brown and Wilson; however, with respect to Defendants Bonn, Cunningham, and Jackson, Plaintiff has failed to show their deliberate indifference to the risk of harm was motivated by Plaintiff's protected conduct. Accordingly, he has failed to state a First Amendment retaliation claim against Defendants Bonn, Cunningham, and Jackson.

## Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Defendants State of Michigan will be dismissed for failure to state a claim,

under 28 U.S.C. § 1915A(b), and 42 U.S.C. § 1997e(c).   Moreover, Defendants Skipper, Henry, Unknown Party (Captain John Doe), Miller, Simmons, Sturn, Wise, Sissel, Joyit, Breelove, Foltz, Gaudio, Kelly, Chaney, Smith, Frias, and Pittman will be dismissed because Plaintiff's claims against them are duplicative of his claims in *Bell I*, are barred by the doctrine of res judicata, and, therefore, are frivolous under 28 U.S.C. § 1915A(b), and 42 U.S.C. § 1997e(c).   Under those statutes, the Court will also dismiss, for failure to state a claim, Plaintiff's First Amendment retaliation claims against Defendants Bonn, Cunningham, and Jackson.   Plaintiff's Eighth Amendment, First Amendment retaliation, and state law claims against Defendants Brown and Wilson and Plaintiff's Eighth Amendment and state-law claims against Defendants Bonn, Cunningham, and Jackson remain in the case.

An order consistent with this opinion will be entered.

Dated:    November 1, 2019                     /s/ Paul L. Maloney
                                               Paul L. Maloney
                                               United States District Judge