UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| LESTER BELL, #476602, ) | |
| Plaintiff, ) | |
| ) | No. 1:19-cv-233 |
| -v- ) | |
| ) | Honorable Paul L. Maloney |
| STATE OF MICHIGAN, *et al.*, ) | |
| Defendants. ) | |
| ) | |

**ORDER ADOPTING REPORT AND RECOMMENDATION**

Plaintiff Lester Bell, a prisoner under the control of the Michigan Department of Corrections, filed this lawsuit alleging violations of his civil rights. The four remaining defendants filed a motion for summary judgment. (ECF No. 47.) The Magistrate Judge issued a report recommending the Court grant the motion. (ECF No. 65.) Plaintiff filed objections. (ECF No. 68.) The Court will adopt the report and recommendation.

I.

After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam).

A. Timeliness of Motion for Summary Judgment

Plaintiff objects and argues that the motion for summary judgment was not timely. The Court overrules Plaintiff's objection. Plaintiff's objection is not proper as it does not address any finding of fact or conclusion of law contained in the R&R. Defendants filed a motion for an extension of time to file dispositive motions (ECF No. 44), which the Magistrate Judge granted (ECF No. 46.) Plaintiff did not object or appeal that order.

B. Sufficiency of Affidavits

The Magistrate Judge concludes that Plaintiff's affidavits do not qualify as evidence for the purpose of opposing the motion for summary judgment. First, the affidavits lack confirmations by oath or affirmation. Second, even if the documents met the affidavit requirement, Plaintiff's statement concerning the truthfulness of his assertions contains qualifications and do not constitute unsworn declarations under 28 U.S.C. § 1746. The qualifications (based on knowledge and belief) prevent a court from applying the facts contained in the document to oppose the motion for summary judgment.

Plaintiff objects. The Court overrules Plaintiff's objection. Plaintiff has not identified any factual or legal error in the R&R. The documents Plaintiff submitted do not meet the oath or affirmation requirement to be considered affidavits. And, Plaintiff did not use the language required by the statute for the document to qualify as an unsworn declaration. The Magistrate Judge did not find that Plaintiff's statements were untrue. The Magistrate Judge concluded only that the documents could not be used as evidence to create a genuine issue of material fact to oppose Defendants' motion for summary judgment. As a result, Plaintiff has not put forth evidence to create a genuine issue of material fact.

C. Defendants' Connection to the Attack on Plaintiff

The Magistrate Judge concludes that Plaintiff did not put forth evidence that would tend to create a dispute about whether Defendants ordered the attack on Plaintiff.

Plaintiff objects. The Court overrules Plaintiff's objection. Plaintiff insists that "he presented evidence and plans to present evidence that a reasonable jury may use to infer" a connection. (PageID.658.) Plaintiff points to pages 4 and 5 of his response to the motion for summary judgment. (*See* ECF No. 57 PageID.596-97.) On those pages, Plaintiff does not present any evidence. Instead, he states that he will obtain evidence through discovery and then describes the evidence and what it might show. Plaintiff's response does not meet his burden necessary to survive a motion for summary judgment. "[M]ere allegations and promises of future evidence do not suffice in opposition to a legitimately supported motion for summary judgment[.]" *Wilcox v. United States*, 983 F.2d 1071 (6th Cir. 1992) (unpublished table opinion).

D. First Amendment Retaliation

The Magistrate Judge found that Plaintiff has (1) no evidence of an adverse action by Defendants (that Defendants arranged the attack) and (2) no evidence of causation between the protected activity and the adverse action (that Defendants were motivated because Plaintiff filed grievances).

Plaintiff objects. The Court overrules Plaintiff's objection. The record does not contain sufficient evidence that would create a dispute about the adverse action element or the causation element. Plaintiff's allegations are simply not enough to survive summary judgment. *See Thomas v. Eby*, 481 F.3d 434, 441-42 (6th Cir. 2007). His unsworn affidavits

3

or declarations and the statements he made in letters and grievances do not suffice at this stage in this civil rights lawsuit to establish causation. *See, e.g., Kelly v. Warren Cty. Bd. of Comm'rs*, 396 F. App'x 246, 250 (6th Cir. 2010) ("But Kelly presented insufficient evidence to raise an inference of causation and his mere speculation does not create a genuine issue of material fact to overcome summary judgment.") Plaintiff cannot rely on the existence of the attack or other allegedly adverse actions to survive summary judgment; he must also present evidence to support causation. *See Taylor v. Keith*, 338 F.3d 639, 646 (6th Cir. 2003). ("[T]o survive a motion for summary judgment, the [plaintiff] must present sufficient evidence linking his speech to the [defendant's] adverse decision so that a reasonable factfinder could conclude, by a preponderance of the evidence, that the speech, at least in part, motivated the decision ....")

## II.

Having reviewed the pending motion, the report and recommendation, Plaintiff's objections and the relevant law, the Court **ADOPTS** the report and recommendation (ECF No. 65) as its opinion. Consistent with the R&R, the Court **GRANTS** Defendants' motion for summary judgment. (ECF No. 47); **DISMISSES** Defendant Jackson; and **DISMISSES** Plaintiff's state law claims. **IT IS SO ORDERED.**

Date:   October 7, 2022                                       /s/  Paul L. Maloney
                                                              Paul L. Maloney
                                                              United States District Judge